CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 20 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

HAROLD BENJAMIN,

    Plaintiff,

v.

MAJOR M. SHUPE,

    Defendant.

Case No. 7:09CV00302

**MEMORANDUM OPINION**

By: Glen E. Conrad
United States District Judge

Plaintiff Harold Benjamin, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Benjamin alleges that the defendant prison official changed his security classification and his rate of earning good conduct time and approved his transfer without providing appropriate procedural protections. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.[1]

Benjamin is incarcerated at the Cold Springs Work Center in Greenville, Virginia. The allegations in his complaint are very brief:

> On 6-22-09 I was presented a copy of an Institutional Classification Authority Hearings form by Cold Springs Work Center Counselor Miley, which detailed approved recommendations and results by Major M. Shupe in which my Good time earning Level had been reduced from a higher earning status [Level I] to a lower level earning status [Level II]. Security Level increase from a Level I to a Level II along with transfer approved for 26th of June 2009. All of which was carried out, without a formal due process hearing by an Institutional Classification Authority [ICA] Hearing.

(Compl. 4.) (brackets in original). Benjamin sues M. Shupe, seeking $100,000 in monetary damages.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). When a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). For example, inmates have no constitutional right to be housed in any particular prison or in a prison with less restrictive conditions. Meachum v. Fano, 427 U.S. 215, 224 (1976).

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.

Id. at 224-25. Moreover, inmates' confinement is necessarily subject to the broad discretion of those parties managing the jail. Gaston, 946 F.2d at 343.

Nevertheless, confinement does not strip inmates of all liberty interests, and state prison regulations may create liberty interests. Id. Such liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Courts have found that Virginia's classification scheme governing prisoners' custody, security, and good conduct earning levels does not create a liberty interest in avoiding changes in these classifications, since an inmate's status in each of these areas is subject to change, based on his own behavior and the discretion of prison officials. Oliver v. Powell, 250 F. Supp.2d 593, 605 (E.D. Va. 2002); Garrett v. Angelone, 940 F. Supp.2d 933, 943 (W.D. Va.1996). A state's failure to abide by its own procedural regulations before imposing a less favorable classification or housing assignment is

-2-

not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990), and is, therefore, not actionable under § 1983.

Under these precedents, it is clear that Benjamin's claims are legally frivolous. He has no protected liberty interest in remaining at good time earning Level I or security Level I or to be housed in a prison of a certain security level. Accordingly, prison officials' failure to provide him certain procedural protections before making changes to his classifications or housing assignment does not implicate any constitutional right. To the extent officials failed to comply with a VDOC procedure in changing his classifications without having him present at a hearing, their actions do not present any federal claim cognizable under § 1983.[2]

For the stated reasons, the court finds that plaintiff's present claims under § 1983 have no basis in law. Therefore, the complaint must be dismissed, pursuant to § 1915A(b)(1), as frivolous. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of July, 2009.

/s/ _____
United States District Judge

---

[2] Section 1983 was intended to protect only federal rights guaranteed by federal law and not claims arising under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). To the extent that Benjamin may have some claim under state law, they are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c).

Case 7:09-cv-00302-GEC-mfu   Document 3-1   Filed 07/20/09   Page 3 of 3   Pageid#: 13